UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JUWAN DEERING**,

        Plaintiff,

v.

**OAKLAND COUNTY**, a political subdivision of the State of Michigan; **DAVID WURTZ**; **DENISE REIS**, as personal representative of the **ESTATE OF GARY MILLER**; **WILLIAM HARVEY**; **GREGORY TOWNSEND**; **RALPH MCMORRIS**; **PHILLIP TURNER**; and, **RAYMOND JEFFRIES**, Jointly and Severally,

        Defendants.

_____/

Case No.: 22-cv-11809
Hon. Mark A. Goldsmith
Mag. Jonathan J.C. Grey

### PLAINTIFF'S *EX PARTE* MOTION FOR SUBSTITUTED SERVICE OF PROCESS AND EXTENSION OF TIME TO COMPLETE SERVICE

Pursuant to Federal Rules of Civil Procedure 4(e)(1) and 4(m), Plaintiff Juwan Deering moves the Court for leave to serve Defendants Ralph McMorris and Raymond Jeffries by alternate means and for an extension of time in which to complete service of process. Notwithstanding Plaintiff's diligent efforts, Defendants McMorris and Jeffries have evaded service of process. For the reasons set forth in the attached brief, Plaintiff should be granted leave to serve McMorris and Jeffries with the summonses, pleadings, and other papers on file by affixing copies of those

1

documents to the doors of their residences and by mailing copies by first-class mail. Service cannot be accomplished by any of the traditional methods available under the Federal Rules of Civil Procedure or the applicable state rules, and service in this proposed manner would be reasonably calculated to provide notice to Defendants McMorris and Jeffries. In addition, Plaintiff requests an additional thirty (30) days to effectuate service on these Defendants.

In accordance with E.D. Mich. LR 7.1(a), the undersigned counsel certifies that he made no attempt to seek concurrence in the relief requested by this motion because Defendants McMorris and Jeffries are unrepresented and, to date, have evaded service.

Respectfully submitted,

**GARRISON LAW, PC**

Dated: October 25, 2022   /s/ *Trevor B. Garrison*
   TREVOR B. GARRISON (P69255)
   Attorney for Plaintiff
   1523 N. Main St.
   Royal Oak, MI 48067
   (248) 847-1000
   tgarrison@garrison-law.com

**LAW OFFICE OF**
**MICHAEL R. DEZSI, PLLC**

/s/ *Michael R. Dezsi*
Michael R. Dezsi (P64530)
Attorney for Plaintiff
1523 N. Main St.
Royal Oak, MI 48067
(313) 757-8112
mdezsi@dezsilaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JUWAN DEERING**,　　　　　　　　　　Case No.: 22-cv-11809
　　　　　　　　　　　　　　　　　　　　Hon. Mark A. Goldsmith
　　　　　Plaintiff,　　　　　　　　　　Mag. Jonathan J.C. Grey

v.

**OAKLAND COUNTY**, a political
subdivision of the State of Michigan;
**DAVID WURTZ**; **DENISE REIS**, as
personal representative of the **ESTATE OF
GARY MILLER**; **WILLIAM HARVEY**;
**GREGORY TOWNSEND**; **RALPH MCMORRIS**;
**PHILLIP TURNER**; and, **RAYMOND JEFFRIES**,
Jointly and Severally,

　　　　　Defendants.
_____/

**BRIEF IN SUPPORT OF PLAINTIFF'S *EX PARTE* MOTION
FOR SUBSTITUTED SERVICE OF PROCESS AND EXTENSION
<u>OF TIME TO COMPLETE SERVICE</u>**

## TABLE OF CONTENTS

INDEX OF AUTHORITIES ................................................................................. iii

ISSUES PRESENTED ........................................................................................iv

BACKGROUND .................................................................................................1

DISCUSSION .....................................................................................................2

CONCLUSION ...................................................................................................4

# INDEX OF AUTHORITIES

                                                                           **Page(s)**

**Federal Case Law**

    *Bennett v. Davidson*,
        No. 250694, 2005 WL 1123603 (Mich Ct. App. May 12, 2005)...............3

    *Dehaan v. Tsarnas*,
        No. 289967, 2010 WL 2384921 (Mich. Ct. App. June 15, 2010)..............3

    *Stafford v. Franklin County, Ohio*,
        2005 WL 1523369 (S.D. Ohio 2005) .......................................................4

**Federal Rules of Civil Procedure**

    Fed. R. Civ. P. 4(e)(1)..................................................................................2

    Fed. R. Civ. P. 4(m) ............................................................................... 2, 4

**Michigan Court Rules**

    Mich. Ct. Rule 2.105............................................................................... 2-3

    Mich. Ct. Rule 2.105(A)(1)-(2) ....................................................................3

    Mich. Ct. Rule 2.105(J) .......................................................................... 3-4

**Secondary Sources**

    Fed. R. Civ. P. 4, Advisory Committee Notes to 1993 Amendments.............4

## **ISSUE PRESENTED**

Whether Plaintiff Juwan Deering should be granted leave to use alternate means to effect service of process on Defendants Ralph McMorris and Raymond Jeffries and additional time to complete service.

## BACKGROUND

This case involves the wrongful conviction of Plaintiff Juwan Deering. Deering was convicted of five counts of felony murder for allegedly starting a fire that killed five children in Royal Oak Township on April 6, 2000. Despite his repeated insistence that he did not start the fire and there being no physical evidence linking him to the fire, Oakland County detectives insisted that Deering started it.

To help secure his conviction, Defendant-detectives David Wurtz, Gary Miller, and William Harvey, along with Oakland County Prosecutor Gregory Townsend, solicited three jailhouse informants to testify against Deering. As these Defendants very well knew, the jailhouse informants – Phillip Turner, Ralph McMorris, and Raymond Jeffries – fabricated their testimony at Deering's preliminary examination and trial, resulting in Deering's conviction. Deering was sentenced to life in prison without parole.

Deering's conviction was vacated on September 2, 2021, after Oakland County Prosecutor Karen McDonald uncovered *Brady* violations, exposed the snitch scheme, and filed a joint motion with Deering to vacate his convictions, stating, in pertinent part: "there were multiple, signification constitutional violations, [and] relief from judgment is required under the law. … Considering the evidence collectively it is painfully clear that the result of the trial would likely have been different had the suppressed evidence been disclosed to the defense." (ECF No. 1,

1

PageID.29-30). This cause of action followed. And Defendants McMorris and Jeffries are attempting to evade service. Under Federal Rule of Civil Procedure 4(m), the summonses must be served by November 2, 2022. (ECF No. 2).

After filing the Complaint, Plaintiff's counsel immediately initiated an investigation into the location of McMorris and Jeffries and retained a licensed private investigator, with in-house process serving, for this purpose. After the investigation confirmed the whereabouts of McMorris and Jeffries, every reasonable attempt to serve them was made but to no avail. Plaintiff's process servers have repeatedly knocked on their doors, left business cards, and spoken with neighbors and relatives who likely reside there.

Plaintiff's process server made five attempts to personally serve Defendant McMorris. **(Ex. A)**. On September 14, 2022, McMorris' brother answered the door and stated that McMorris died last year. But investigators learned that McMorris crashed his car in August of 2022, shortly after re-registering it in his name. As for Defendant Jeffries, Plaintiff's process server attempted to serve him six times to no avail. **(Ex. B)**.

## DISCUSSION

According to Federal Rule of Civil Procedure 4(e)(1), service of process on an individual may be made through any method authorized by the state where the district court sits or where service is made. Michigan Court Rule 2.105 provides that

2

process may be made on an individual by either delivering a summons and a copy of the complaint to the defendant personally, or by sending the defendant a summons and a copy of the complaint by registered or certified mail, return receipt requested, with delivery restricted to the addressee. Mich. Ct. R. 2.105(A)(1)-(2).

If service on an individual or a corporation cannot reasonably be made through one of these traditional methods, Michigan Court Rule 2.105(J)(1) permits a court to authorize alternative methods of service "reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard." A request for an order must be made in a verified motion dated within 14 days of its filing, set forth sufficient facts showing process cannot be served under the default provisions of Rule 2.105, and state the defendant's address or last known address, or that the defendant's address is unknown. Mich. Ct. R. 2.105(J)(2).

Tacking a copy of the summons and complaint to the door of the address of a defendant may be considered a "manner reasonably calculated to give the defendant actual notice of the proceedings" within the meaning of Michigan Court Rule 2.105(J), especially when accompanied by a mailing. *Dehaan v. Tsarnas*, No. 289967, 2010 WL 2384921, at 4 (Mich. Ct. App. June 15, 2010) (per curiam); *Bennett v. Davidson*, No. 250694, 2005 WL 1123603, at 1 (Mich. Ct. App. May 12, 2005) (per curiam).

3

In this case, as the affidavits establish, service on Defendants McMorris and Jeffries cannot reasonably be made through any of the traditional methods available under the Federal Rules of Civil Procedure or the Michigan Court Rules. **(Ex. A; Ex. B)**. Plaintiff has made diligent – yet unsuccessful – attempts to serve these Defendants at their last known addresses. Accordingly, alternate service should be permitted under Michigan Court Rule 2.105(J). In addition, under Rule 4(m), the Court has broad discretion to enlarge the period of service under the rule even in the absence of good cause. *See* Fed. R. Civ. P. 4, Advisory Committee Notes to 1993 Amendments (noting that, even without a showing of good cause, the court may relieve a plaintiff of the application of Rule 4(m) for untimely service); *Stafford v. Franklin County, Ohio*, 2005 WL 1523369 (S.D. Ohio 2005) (same). Given Plaintiff's good faith attempts to serve these Defendants, Plaintiff should be given additional time to complete service of process.

## **CONCLUSION**

For the foregoing reasons, the Court should grant leave to serve Defendants McMorris and Jeffries with the summonses, pleadings, and other papers on file by affixing copies of those documents to the door of their last known residences and by mailing copies of the documents to those addresses by first-class mail. Pursuant to Federal Rule of Civil Procedure 4(m), Plaintiff also requests a thirty-day extension of time in which to effectuate service.

        Respectfully submitted,

        **GARRISON LAW, PC**

Dated: October 25, 2022        /s/ *Trevor B. Garrison*
        TREVOR B. GARRISON (P69255)
        Attorney for Plaintiff
        1523 N. Main St.
        Royal Oak, MI 48067
        (248) 847-1000
        tgarrison@garrison-law.com

        **LAW OFFICE OF**
        **MICHAEL R. DEZSI, PLLC**

        /s/ *Michael R. Dezsi*
        Michael R. Dezsi (P64530)
        Attorney for Plaintiff
        1523 N. Main St.
        Royal Oak, MI 48067
        (313) 757-8112
        mdezsi@dezsilaw.com

## **CERTIFICATE OF COMPLIANCE**

I, Trevor Garrison, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

Respectfully submitted,

**GARRISON LAW, PC**

Dated: October 25, 2022 /s/ *Trevor B. Garrison*
TREVOR B. GARRISON (P69255)
Attorney for Plaintiff
1523 N. Main St.
Royal Oak, MI 48067
(248) 847-1000
tgarrison@garrison-law.com

# **CERTIFICATE OF SERVICE**

I hereby certify that on the date set forth below, I caused the foregoing Plaintiff's *Ex Parte* Motion for Substituted Service of Process and Extension of Time to Complete Service, Brief in Support, and this Certificate of Service to be electronically filed with the Clerk of the Court using the Case Management/Electronic Case Filing (CM/ECF) system which will forward notification of this filing electronically to the following attorneys of record:

Steven M. Potter, Esq. (spotter@potterlaw.com);
Robert C. Clark, Esq. (rclark@potterlaw.com);
Trevor S. Potter, Esq. (tpotter@potterlaw.com);
Layla R. Sizemore, Esq. (lsizemore@potterlaw.com);
David W. Jones, Esq. (david.jones@sbdetroit.com); and,
Lindsey R. Johnson, Esq. (lindsey.johnson@sbdetroit.com).

I further affirm that I served a copy of the foregoing by U.S. first class mail upon Phillip Turner, located at 3500 N. Elm Road, Jackson, MI 49201, by placing the envelope with sufficient postage in an official U.S. postal receptacle located in Royal Oak, Michigan.

It is impossible to serve Defendants McMorris and Jeffries for the reasons stated in the motion.

                                        Respectfully submitted,

                                        **GARRISON LAW, PC**

Dated: October 25, 2022             /s/ *Trevor B. Garrison*
                                        TREVOR B. GARRISON (P69255)
                                        Attorney for Plaintiff
                                        1523 N. Main St.
                                        Royal Oak, MI 48067
                                        (248) 847-1000
                                        tgarrison@garrison-law.com