UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JUWAN DEERING,<br>Plaintiff,<br>v.<br><br>OAKLAND COUNTY, *et al*,<br>Defendants.<br>_____/ | Case No. 22-11809<br><br>Mark A. Goldsmith<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

### REPORT AND RECOMMENDATION ON DEFENDANT OAKLAND COUNTY'S MOTION TO DISMISS (ECF No. 26)

**I.   PROCEDURAL HISTORY**

Plaintiff Juwan Deering filed this civil rights suit on August 4, 2022.  (ECF No. 1).  This case was referred to the undersigned for all pretrial matters.  (ECF No. 43).  Plaintiff alleges that he was wrongfully incarcerated for a crime he did not commit because of Defendants' actions.  (ECF No. 1).  This matter is presently before the Court on Defendant Oakland County's motion to dismiss.  (ECF No. 26).  The instant motion to dismiss is fully briefed (ECF Nos. 26; 28; 37; 40; 42) and ready for report and recommendation.  For the reasons discussed below, the undersigned recommends that Defendant Oakland County's motion to dismiss be **DENIED**.  (ECF No. 26).

**II.   FACTUAL BACKGROUND**

1

The circumstances giving rise to this suit started with a house fire on April 6, 2000, which resulted in the death of five children. (ECF No. 1, PageID.6). Plaintiff was arrested and convicted by a jury for five counts of arson and felony murder related to the deaths. (*Id.* at PageID.8). Plaintiff asserts he was wrongfully convicted. (*Id.*). Plaintiff was sentenced to life in prison without parole. (*Id.* at PageID.9). Plaintiff alleges that false testimony provided by three jailhouse informants formed the basis of his conviction. (*Id.* at PageID.8). Plaintiff also alleges Defendants withheld exculpatory evidence and had a pattern and practice of Constitutional violations. (*Id.* at PageID.24).

Plaintiff challenged his conviction assisted by the Michigan Innocence Clinic. (*Id.*). During the investigation into Plaintiff's conviction, the Oakland County Prosecutor's Office located and turned over documents related to the credibility of the jailhouse informants and exculpatory evidence that had previously not been disclosed to the defense in Plaintiff's criminal case. (*Id.*). On September 2, 2021, Plaintiff and the Oakland County Prosecutor jointly moved to vacate his convictions and sentences. (*Id.* at PageID.28-29). The order was granted, and Plaintiff was released from custody. (*Id.* at PageID.29). Plaintiff served over fifteen years. (*Id.* at PageID.51).

Following his release, Plaintiff pursued compensation under Michigan's Wrongful Imprisonment Compensation Act ("WICA"). (ECF No. 26,

PageID.249). Plaintiff obtained a judgment in the Michigan Court of Claims, which provides statutory damages of $50,000 per year an individual was wrongfully imprisoned. (*Id*; ECF No. 28, PageID.321).

### III. DISCUSSION

The matter before this Court relates to the scope of WICA and the bounds of relief under § 1983. Defendant Oakland County argues that pursuant to the WICA statute limitations, Plaintiff has released all claims against Oakland County. (ECF No. 26, PageID.251).

   a. Motion to Dismiss Standard

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must first comply with Rule 8(a)(2), which requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A plaintiff is also obliged "to provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555 (citations and internal quotation marks omitted)). In *Iqbal*, the Supreme Court explained that a civil complaint only

3

survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. And while a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (quoting *Twombly*, 550 U.S. at 555 (citation and internal quotation marks omitted)); *see also League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (the factual allegations in a complaint need not be detailed but they "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief.").

    b. <u>Analysis</u>

Defendant Oakland County argues the claims against it are barred because Plaintiff has accepted an award under WICA and waived all claims against Oakland County. (ECF No. 26). Generally, the Eleventh Amendment prohibits a suit brought in federal court against a State and its officials unless the State has expressly waived its sovereign immunity or consented to be sued. U.S. Const. Amend. XI; *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989); *Cady v.*

4

*Arenac Cnty.*, 574 F.3d 334, 342-43 (6th Cir. 2009). Michigan waived its sovereign immunity from suit in state court by wrongfully incarcerated individuals by enacting WICA. (ECF No. 28, PageID.324).

The relevant portion of the WICA statute, Mich. Comp. Laws § 691.1755(8),[1] states:

> [t]he acceptance by the plaintiff of an award under this act, or of a compromise or settlement of the claim, must be in writing and, unless it is procured by fraud, is final and conclusive on the plaintiff, constitutes a complete release of all claims against *this state*, and is a complete bar to any action *in state court* by the plaintiff against this state based on the same subject matter. However, the acceptance by the plaintiff of an award under this act, or of a compromise or settlement of the plaintiff's claim, *does not operate as a waiver of, or bar to, any action in federal court* against an individual alleged to have been involved in the investigation, prosecution, or conviction that gave rise to the wrongful conviction or imprisonment.

(emphasis added). According to the definitions section of WICA, "'[t]his state' means the state of Michigan and its political subdivisions, and the agencies, departments, commissions, and courts of this state and its political subdivisions." Mich. Comp. Laws § 691.1752(e). WICA does not define 'political subdivisions,' but the Michigan Supreme Court has held "[a] county is one of the political

---

[1] Plaintiff's WICA judgment specifically states Plaintiff's award is limited as described in Mich. Comp. Laws 691.1755(9)-(13). (ECF No. 26-2, PageID.258). His WICA judgment does not specifically state he is subject to Mich. Comp. Laws § 691.1755(8) and Plaintiff argues, briefly, that he is "therefore exempted" from Mich. Comp. Laws § 691.1755(8). (*Id.*; ECF No. 42, PageID.511). The parties do not develop this issue and the Court shall presume only for this motion that Mich. Comp. Laws § 691.1755(8) does apply.

5

subdivisions of the state." *City of Big Rapids v. Bd. of Sup'rs of Mecosta Cnty.*, 99 Mich. 351, 353, 58 N.W. 358 (1894).

The Michigan Supreme Court interprets words based on "their ordinary meaning and their context within the statute" and "if the statutory language is unambiguous, no further judicial construction is required or permitted because we presume the Legislature intended the meaning that it plainly expressed." *See People v. Peltola*, 489 Mich. 174, 181 (2011). "We must give the words of a statute their plain and ordinary meaning, and only where the statutory language is ambiguous may we look outside the statute to ascertain the Legislature's intent." *Id.* (citing *Turner v. Auto Club Ins. Ass'n*, 448 Mich. 22, 27 (1995); *Luttrell v. Dep't of Corrections*, 421 Mich. 93 (1984)).

Pursuant to the plain meaning of the statute, the undersigned suggests Plaintiff's acceptance of an award under WICA constitutes a complete release of all claims against the state and a complete bar to any action *in state court* based on the same subject matter. As Michigan law is clear that a county is a political subdivision of the state and WICA defines "this state" to include political subdivisions, the undersigned suggests Plaintiff would be barred from pursuing an action against Oakland County in *state court*.[2] That said, this case is pending

---

[2] Plaintiff has also sought declaratory relief in the Michigan Court of Claims, arguing that MCL 691.1755(8)'s release provision is preempted by federal law. (ECF No. 39-1,

6

before the United States District Court for the Eastern District of Michigan, a federal court.

The Michigan legislature saw fit to adopt a "complete bar to any *action in state court*" and this meaning could not be clearer—later actions against the state are barred in state court. Indeed, in the very same paragraph the statute provides "the acceptance by the plaintiff of an award under this act, or of a compromise or settlement of the plaintiff's claim, *does not operate as a waiver of, or bar to, any action in federal court* against an individual alleged to have been involved in the investigation, prosecution, or conviction that gave rise to the wrongful conviction or imprisonment." Mich. Comp. Laws § 691.1755(8) (emphasis added). The Michigan legislature considered the federal court system when adopting this subsection, but did not extend the bar to actions in federal court and this Court shall not extend the statute beyond what the legislature enacted.

This issue was briefly encountered in *Ansari v. Jimenez*, when the plaintiff, who had recovered under WICA and subsequently brought a *Monell* claim against the City of Detroit, moved to voluntarily dismiss the City of Detroit. No. 2:20-cv-10719-SJM-DRG, at *1 (E.D. Mich. Apr. 4, 2022). The City argued that plaintiff's reading of WICA and the related *Monell* claim against the city was so frivolous that the City had a right to costs. *Id.* at 4. The City of Detroit raised the

---

PageID.487). The Michigan Court of Claims declined to rule on that motion and deferred to the federal court's determination. (*Id.*).

7

same argument that Defendant Oakland County raises here—that accepting an award under WICA bars a subsequent *Monell* claim—to argue plaintiff's suit was frivolous and costs were appropriate. *Id.* The Court in *Ansari* granted the voluntary dismissal, but the Court declined to grant costs to the City of Detroit because "Plaintiff's reading [of WICA] appears plausible from a textualist standpoint, and the claim is therefore legitimate—not frivolous." *Id.* (citing *Peltola*, 489 Mich. at 181). "Nothing in Section 1755(8)'s plain text prevents Plaintiff from suing the City in federal court for claims based on his wrongful conviction." *Id*. "The Michigan Legislature could have simply written Section 1755(8) to bar claims 'in state *and federal court*' or 'in *any* court,' but it did not." *Id.* (emphasis original). The Court there concluded plaintiff's claim was not frivolous under the same reasoning advanced before the Court today.

      Under the plain meaning of WICA, the undersigned suggests Plaintiff's claim is not barred in federal court against Oakland County and Oakland County's motion to dismiss on this ground should be denied. The majority of Plaintiff's argument in opposition to Defendant Oakland County centers on whether the waiver and release provision of Michigan's WICA statute is preempted by § 1983. (ECF No. 28, PageID.322). Plaintiff argues that Michigan is attempting to "roll back the Supreme Court's decision in *Monell* by re-extending sovereign immunity over its municipalities like Oakland County." (*Id.* at PageID.325). Under the

8

Supremacy Clause of the Federal Constitution, "[t]he relative importance to the State of its own law is not material when there is a conflict with a valid federal law," for "any state law, however clearly within a State's acknowledged power, which interferes with or is contrary to federal law, must yield." *Felder v. Casey*, 487 U.S. 131, 138 (1988) (quoting *Free v. Bland,* 369 U.S. 663, 666 (1962)). The undersigned is not persuaded there is a conflict between state and federal law given the Court's interpretation of WICA's release. Plaintiff's argument related to preemption assumes that the release would bar this claim, but where the claim is not barred the undersigned suggests there is not a conflict of state and federal law. As the language of the statute at issue disposes of this matter and does not bar Plaintiff's claim,[3] the undersigned declines to consider whether WICA is preempted by § 1983.

## IV.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that Defendant's motion to dismiss (ECF No. 26) be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule

---

[3] To be sure, any ruling from the Court about how to interpret WICA is not binding on other federal courts. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 472 (6th Cir. 2008) (per curiam) ("No federal court has the final say on what [state] law means.").

72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Hum. Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: March 27, 2023                              s/Curtis Ivy, Jr.
                                                  Curtis Ivy, Jr.
                                                  United States Magistrate Judge

## CERTIFICATE OF SERVICE

        The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on March 27, 2023.

                                              s/Kristen MacKay
                                              Case Manager
                                              (810) 341-7850