UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUWAN DEERING,

    Plaintiff,                                       Case No. 22-11809

v.                                                HON. MARK A. GOLDSMITH

OAKLAND COUNTY, et al.,

    Defendants.
_____/

**ORDER
(1) ACCEPTING THE RECOMMENDATION CONTAINED IN THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION DATED APRIL 18, 2023 (Dkt. 53) (2) DISMISSING WITHOUT PREJUDICE DEFENDANT PHILLIP TURNER, AND (3) DENYING AS MOOT DEFENDANT PHILLIP TURNER'S MOTION TO DISMISS (Dkt. 7)**

This matter is presently before the Court on the Report and Recommendation (R&R) of Magistrate Judge Curtis Ivy issued on April 18, 2023 (Dkt. 53). In the R&R, the Magistrate Judge recommends that the Court dismiss Defendant Phillip Turner without prejudice and without costs to either party and deny as moot Turner's motion to dismiss (Dkt. 7).

The parties have not filed objections to the R&R, and the time to do so has expired. See Fed. R. Civ. P. 72(b)(2). The failure to file a timely objection to an R&R constitutes a waiver of the right to further judicial review. See Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); Smith v. Detroit Fed'n of Teachers, 829 F.2d 1370, 1373-1374 (6th Cir. 1987) (failure to file objection to R&R "waived subsequent review of the matter"); Cephas v. Nash, 328 F.3d 98, 108 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or

omission in a magistrate judge's report waives further judicial review of the point."); Lardie v. Birkett, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) ("As to the parts of the report and recommendation to which no party has objected, the Court need not conduct a review by any standard."). However, there is some authority that a district court is required to review the R&R for clear error. See Fed. R. Civ. P. 72 Advisory Committee Note Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Therefore, the Court has reviewed the R&R for clear error. On the face of the record, the Court finds no clear error and accepts the recommendation.

Accordingly, the Court dismisses Defendant Phillip Turner without prejudice and without costs to either party and denies as moot Turner's motion to dismiss.

SO ORDERED.

Dated: May 16, 2023                          s/Mark A. Goldsmith
       Detroit, Michigan                     MARK A. GOLDSMITH
                                             United States District Judge