UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUWAN DEERING,

      Plaintiff,

vs

OAKLAND COUNTY, a political
subdivision of the State of Michigan;
DAVID WURTZ; DENISE REIS, as
personal representative of the ESTATE OF
GARY MILLER; WILLIAM HARVEY;
GREGORY TOWNSEND; RALPH MCMORRIS;
PHILLIP TURNER; and, RAYMOND JEFFRIES,
Jointly and Severally,

      Defendants.

Case No. 2:22-cv-11809-MAG-JJCG
Hon. Mark A. Goldsmith
Magistrate Judge Jonathan J.C. Grey

---

LAW OFFICES OF MICHAEL R. DEZI, PLLC
MICHAEL R. DEZSI (P64530)
Attorney for Plaintiff
1523 N. Main Street
Royal Oak, MI 48067
(313) 757-8112 / Fax 313-887-0420
mdezsi@dezsilaw.com

GARRISON LAW, PC
TREVOR B. GARRISON (P69255)
Attorney for Plaintiff
1523 N. Main Street
Royal Oak, MI 48067
(248) 847-1000 / Fax 248-847-1000
tgarrison@garrison-law.com

G. ROBERT COTTON CORRECTIONAL
FACILITY
PHILLIP TURNER
Defendant in Pro Se
3500 N. Elm Road
Jackson, MI 49201

POTTER, DeAGOSTINO, O'DEA & CLARK
STEVEN M. POTTER (P33344)
ROBERT C. CLARK (P76359)
TREVOR S. POTTER (P84253)
LAYLA R. SIZEMORE (P85502)
Attorneys for Defendants Oakland County,
Wurtz, Reis and Harvey
2701 Cambridge Court, Suite 223
Auburn Hills, Michigan 48326
(248)377-1700 / Fax (248) 377-0051
spotter@potterlaw.com
rclark@potterlaw.com
tpotter@potterlaw.com
lsizemore@potterlaw.com

SCHENK & BRUETSCH, PLC
DAVID W. JONES (P57103)
LINDSEY R. JOHNSON (P67081)
Attorneys for Defendant Townsend
211 West Fort, Suite 1410
Detroit, MI 48226
(313) 774-1000 / Fax 313-774-1717
David.Jones@sbdetroit.com
Lindsey.Johnson@sbdetroit.com

**<u>DEFENDANTS OAKLAND COUNTY, DAVID WURTZ, DENISE REIS, as</u>**
**<u>personal representative of the ESTATE OF GARY MILLER and</u>**
**<u>WILLIAM HARVEY'S ANSWER TO COMPLAINT,</u>**
**<u>RELIANCE UPON JURY DEMAND, and AFFIRMATIVE DEFENSES</u>**

NOW COME DEFENDANTS OAKLAND COUNTY, DAVID WURTZ, DENISE REIS, as personal representative of the ESTATE OF GARY MILLER and WILLIAM HARVEY, by and through their attorneys POTTER, DeAGOSTINO, O'DEA & CLARK, and hereby states the following as their Answer to Complaint as follows.

## <u>INTRODUCTION</u>

1.  Defendants deny the allegations contained therein for the reason they are untrue.

2.  Defendants deny the allegations contained therein for the reason they are untrue.

3.  Defendants deny the allegations contained therein for the reason they are untrue.

4.  Defendants lack sufficient information or knowledge upon which to admit the allegations contained therein and therefore deny same.

5.  Defendants deny the allegations contained therein for the reason they are untrue.

6.  Defendants deny the allegations contained therein for the reason they are untrue.

7.     Defendants deny the allegations contained therein for the reason they are untrue.

8.     Defendants deny the allegations contained therein for the reason they are untrue.

9.     Defendants state that this paragraph calls for a legal conclusion to which no response is required. To the extent a response is necessary, Defendants deny the allegations contained in this paragraph.

## JURISDICTION AND VENUE

10.    Defendants admit the allegations contained therein.

11.    Defendants lack sufficient information or knowledge upon which to admit the allegations contained therein and therefore deny same.

12.    Defendants admit the allegations contained therein.

13.    In Answer to paragraph 13, admitted that venue is proper in the Eastern District of Michigan, Southern Division. Denied as untrue that there are events that support Plaintiff's allegations.

## THE PARTIES

14.    Defendants lack sufficient information or knowledge upon which to admit the allegations contained therein and therefore deny same.

15.    Defendants lack sufficient information or knowledge upon which to admit the allegations contained therein and therefore deny same.

16.     Defendants lack sufficient information or knowledge upon which to admit the allegations contained therein and therefore deny same.

17.     Defendants deny the allegations contained therein for the reason they are untrue.

18.     Defendants deny the allegations contained therein for the reason they are untrue.

19.     Defendants deny the allegations contained therein for the reason they are untrue.

20.     Defendants deny the allegations contained therein for the reason they are untrue.

21.     Defendants deny the allegations contained therein for the reason they are untrue.

22.     In Answer to paragraph 22, admitted that Defendant McMorris testified against Deering. In Answer to the balance of the allegations contained in paragraph 22, Defendants lack sufficient information or knowledge upon which to admit the allegations contained therein and therefore deny same.

23.     In Answer to paragraph 23, admitted that Defendant Jeffries testified against Deering. In Answer to the balance of the allegations contained in paragraph

23, Defendants lack sufficient information or knowledge upon which to admit the allegations contained therein and therefore deny same.

24.    Admitted that Defendant Lehtola was employed by Oakland County as a Fire/Arson Investigator and resided in Oakland County. The balance of the allegations in paragraph 24 are denied as untrue.

## FACTUAL ALLEGATIONS

25.    Defendants admit the allegations contained therein.

26.    Defendants lack sufficient information or knowledge upon which to admit the allegations contained therein and therefore deny same.

27.    Defendants lack sufficient information or knowledge upon which to admit the allegations contained therein and therefore deny same.

28.    Defendants lack sufficient information or knowledge upon which to admit the allegations contained therein and therefore deny same.

29.    Defendants admit the allegations contained therein.

30.    Defendants deny the allegations contained therein for the reason they are untrue.

31.    Defendants deny the allegations contained therein for the reason they are untrue.

32.    Defendants deny the allegations contained therein for the reason they are untrue.

33a-q.  Defendants deny the allegations contained therein for the reason they are
untrue.

34.  Defendants deny the allegations contained therein for the reason they are
untrue.

35.  Defendants affirmatively allege that Fitzpatrick's testimony contained in the
criminal trial transcript speaks for itself. Answering further, to the extent the
allegations in this paragraph do not accurately set forth Fitzpatrick's
testimony, they are denied.

36.  Defendants affirmatively allege that Fitzpatrick's testimony contained in the
criminal trial transcript speaks for itself. Answering further, to the extent the
allegations in this paragraph do not accurately set forth Fitzpatrick's
testimony, they are denied.

37.  Defendants affirmatively allege that Major Hatcher's testimony contained in
the criminal trial transcript speaks for itself. Answering further, to the extent
the allegations in this paragraph do not accurately set forth Major Hatcher's
testimony, they are denied.

38.  Defendants affirmatively allege that Wesson's testimony contained in the
criminal trial transcript speaks for itself. Answering further, to the extent the
allegations in this paragraph do not accurately set forth Wesson's testimony,
they are denied.

39.     Defendants deny the allegations contained therein for the reason they are untrue.

40.     Defendants deny the allegations contained therein for the reason they are untrue.

41.     Defendants deny the allegations contained therein for the reason they are untrue.

42.     Defendants lack sufficient information or knowledge upon which to admit the allegations contained therein and therefore deny same.

43.     Defendants deny the allegations contained therein for the reason they are untrue.

44.     Defendants deny the allegations contained therein for the reason they are untrue.

45.     Defendants admit the allegations contained therein.

46.     Defendants admit the allegations contained therein.

47.     Defendants deny the allegations contained therein for the reason they are untrue.

48.     Defendants admit the allegations contained therein.

49.     Defendants lack sufficient information or knowledge upon which to admit the allegations contained therein and therefore deny same.

50.    Defendants lack sufficient information or knowledge upon which to admit the allegations contained therein and therefore deny same.

51.    Defendants lack sufficient information or knowledge upon which to admit the allegations contained therein and therefore deny same.

52.    Defendants lack sufficient information or knowledge upon which to admit the allegations contained therein and therefore deny same.

53.    Defendants lack sufficient information or knowledge upon which to admit the allegations contained therein and therefore deny same.

54.    Defendants lack sufficient information or knowledge upon which to admit the allegations contained therein and therefore deny same.

55.    Defendants admit the allegations contained therein.

56.    Defendants deny the allegations contained therein for the reason they are untrue.

57.    Defendants admit the allegations contained therein.

58.    Defendants lack sufficient information or knowledge upon which to admit the allegations contained therein and therefore deny same.

59.    Defendants lack sufficient information or knowledge upon which to admit the allegations contained therein and therefore deny same.

60.    Defendants lack sufficient information or knowledge upon which to admit the allegations contained therein and therefore deny same.

61.   Defendants deny the allegations contained therein for the reason they are untrue.

62.   Defendants deny the allegations contained therein for the reason they are untrue.

63.   Defendants lack sufficient information or knowledge upon which to admit the allegations contained therein and therefore deny same.

64.   Defendants lack sufficient information or knowledge upon which to admit the allegations contained therein and therefore deny same.

65.   Defendants deny the allegations contained therein for the reason they are untrue.

66.   Defendants deny the allegations contained therein for the reason they are untrue.

67.   Defendants deny the allegations contained therein for the reason they are untrue.

68.   Defendants deny the allegations contained therein for the reason they are untrue.

69.   Defendants lack sufficient information or knowledge upon which to admit the allegations contained therein and therefore deny same.

70.   Defendants deny the allegations contained therein for the reason they are untrue.

71. Defendants deny the allegations contained therein for the reason they are untrue.

72. Defendants deny the allegations contained therein for the reason they are untrue.

73. Defendants deny the allegations contained therein for the reason they are untrue.

74. Defendants deny the allegations contained therein for the reason they are untrue.

75. Defendants deny the allegations contained therein for the reason they are untrue.

**Informant Ralph McMorris**

76. Defendants affirmatively allege that Defendant McMorris' quoted testimony contained in the criminal trial transcript speaks for itself. Answering further, to the extent the allegations in this paragraph do not accurately set forth Defendant McMorris' testimony, they are denied.

77. Defendants affirmatively allege that Defendant McMorris' quoted testimony contained in the criminal trial transcript speaks for itself. Answering further, to the extent the allegations in this paragraph do not accurately set forth Defendant McMorris' testimony, they are denied.

78.  Defendants affirmatively allege that Wurtz's quoted testimony contained in the criminal trial transcript speaks for itself. Answering further, to the extent the allegations in this paragraph do not accurately set forth Defendant Wurtz's testimony, they are denied.

79.  Defendants affirmatively allege that Townsend's quoted statement contained in the criminal trial transcript speaks for itself. Answering further, to the extent the allegations in this paragraph do not accurately set forth Defendant Townsend's statement, they are denied.

80.  Defendants deny the allegations contained therein for the reason they are untrue.

81.  Defendants lack sufficient information or knowledge upon which to admit the allegations contained therein and therefore deny same.

82.  Defendants affirmatively allege that Plaintiff's quoted written document speaks for itself. Answering further, Defendants deny the remaining allegations in this paragraph.

83.  Defendants lack sufficient information or knowledge upon which to admit the allegations contained therein and therefore deny same.

84.  Defendants affirmatively allege that Plaintiff's quoted written document speaks for itself. Answering further, Defendants deny the remaining allegations in this paragraph.

85.   Defendants affirmatively allege that Plaintiff's quoted written document speaks for itself. Answering further, Defendants deny the remaining allegations in this paragraph.

86.   Defendants deny the allegations contained therein for the reason they are untrue.

87.   Defendants affirmatively allege that Plaintiff's quoted written document speaks for itself. Answering further, Defendants deny the remaining allegations in this paragraph.

88.   Defendants deny the allegations contained therein for the reason they are untrue.

89.   Defendants lack sufficient information or knowledge upon which to admit the allegations contained therein and therefore deny same.

90.   Defendants lack sufficient information or knowledge upon which to admit the allegations contained therein and therefore deny same.

91.   Defendants affirmatively allege that Plaintiff's quoted written document speaks for itself. Answering further, Defendants deny the remaining allegations in this paragraph.

92.   Defendants lack sufficient information or knowledge upon which to admit the allegations contained therein and therefore deny same.

93.   Defendants lack sufficient information or knowledge upon which to admit the allegations contained therein and therefore deny same.

94.   Defendants deny the allegations contained therein for the reason they are untrue.

95a-i. Defendants lack sufficient information or knowledge upon which to admit the allegations contained therein and therefore deny same.

96.   Defendants affirmatively allege that the criminal trial transcript speaks for itself. Answering further, to the extent the allegations in this paragraph do not accurately set forth the statements contained in the criminal trial transcript, they are denied.

**Informant Phillip Turner**

97.   Defendants lack sufficient information or knowledge upon which to admit the allegations contained therein and therefore deny same.

98.   Defendants deny the allegations contained therein for the reason they are untrue.

99.   Defendants affirmatively allege that Turner's quoted testimony contained in the criminal trial transcript speaks for itself. Answering further, to the extent the allegations in this paragraph do not accurately set forth Defendant Turner's testimony, they are denied.

100. Defendants deny the allegations contained therein for the reason they are untrue.

101. Defendants lack sufficient information or knowledge upon which to admit the allegations contained therein and therefore deny same.

102. Defendants lack sufficient information or knowledge upon which to admit the allegations contained therein and therefore deny same.

103. Defendants affirmatively allege that Plaintiff's quoted written document speaks for itself. Answering further, Defendants deny the remaining allegations in this paragraph.

104. Defendants lack sufficient information or knowledge upon which to admit the allegations contained therein and therefore deny same.

105. Defendants affirmatively allege that the prosecutor's quoted statement contained in the criminal sentencing transcript speaks for itself. Answering further, to the extent the allegations in this paragraph do not accurately set forth the prosecutor's statement, they are denied.

106. Defendants lack sufficient information or knowledge upon which to admit the allegations contained therein and therefore deny same.

107. Defendants affirmatively allege that Turner's quoted testimony contained in the criminal trial transcript speaks for itself. Answering further, to the extent

the allegations in this paragraph do not accurately set forth Defendant

Turner's testimony, they are denied.

108.   Defendants lack sufficient information or knowledge upon which to admit

the allegations contained therein and therefore deny same.

109.   Defendants deny the allegations contained therein for the reason they are

untrue.

### Informant Raymond Jeffries

110.   Defendants lack sufficient information or knowledge upon which to admit

the allegations contained therein and therefore deny same.

111.   Defendants affirmatively allege that Jeffries' quoted testimony contained in

the criminal trial transcript speaks for itself. Answering further, to the extent

the allegations in this paragraph do not accurately set forth Defendant

Jeffries' testimony, they are denied.

112.   Defendants lack sufficient information or knowledge upon which to admit

the allegations contained therein and therefore deny same.

113.   Defendants affirmatively allege that Plaintiff's quoted written document

speaks for itself. Answering further, Defendants deny the remaining

allegations in this paragraph.

114.   Defendants affirmatively allege that Plaintiff's quoted written document speaks for itself. Answering further, Defendants deny the remaining allegations in this paragraph.

115.   Defendants lack sufficient information or knowledge upon which to admit the allegations contained therein and therefore deny same.

116.   Defendants lack sufficient information or knowledge upon which to admit the allegations contained therein and therefore deny same.

117.   Defendants lack sufficient information or knowledge upon which to admit the allegations contained therein and therefore deny same.

118.   Defendants lack sufficient information or knowledge upon which to admit the allegations contained therein and therefore deny same.

119.   Defendants lack sufficient information or knowledge upon which to admit the allegations contained therein and therefore deny same.

120.   Defendants deny the allegations contained therein for the reason they are untrue.

**Oakland County's practices, customs, and policies**

121.   Defendants deny the allegations contained therein for the reason they are untrue.

122.   Defendants lack sufficient information or knowledge upon which to admit the allegations contained therein and therefore deny same.

123. Defendants affirmatively allege that Turner's quoted testimony contained in the criminal trial transcript speaks for itself. Answering further, Defendants deny the remaining allegations in this paragraph.

124. Defendants affirmatively allege that Plaintiff's quoted written document speaks for itself. Answering further, Defendants deny the remaining allegations in this paragraph.

125. Defendants affirmatively allege that Plaintiff's quoted written document speaks for itself. Answering further, Defendants deny the remaining allegations in this paragraph.

126. Defendants lack sufficient information or knowledge upon which to admit the allegations contained therein and therefore deny same.

127. Defendants affirmatively allege that Plaintiff's quoted written document speaks for itself. Answering further, Defendants deny the remaining allegations in this paragraph.

128. Defendants affirmatively allege that Plaintiff's quoted written document speaks for itself. Answering further, Defendants deny the remaining allegations in this paragraph.

129. Defendants affirmatively allege that Plaintiff's quoted written document speaks for itself. Answering further, Defendants deny the remaining allegations in this paragraph.

130. Defendants affirmatively allege that Plaintiff's quoted written document speaks for itself. Answering further, Defendants deny the remaining allegations in this paragraph.

131. Defendants deny the allegations contained therein for the reason they are untrue.

132. Defendants deny the allegations contained therein for the reason they are untrue.

133. Defendants deny the allegations contained therein for the reason they are untrue.

134. In Answer to paragraph 134 a.-g., Defendants deny the allegations contained therein for the reason they are untrue.

135. Defendants deny the allegations contained therein for the reason they are untrue.

136. Defendants deny the allegations contained therein for the reason they are untrue.

137. Defendants affirmatively allege that the Oakland County Prosecutor's quoted statement speaks for itself. Answering further, to the extent the allegations in this paragraph do not accurately set forth the Oakland County Prosecutor's statement, they are denied.

138. Defendants lack sufficient information or knowledge upon which to admit the allegations contained therein and therefore deny same.

139. Defendants affirmatively allege that Plaintiff's quoted written document speaks for itself. Answering further, Defendants deny the remaining allegations in this paragraph.

140. Defendants affirmatively allege that Plaintiff's quoted written document speaks for itself. Answering further, Defendants deny the remaining allegations in this paragraph.

141. Defendants affirmatively allege that Plaintiff's quoted written document speaks for itself. Answering further, Defendants deny the remaining allegations in this paragraph.

142. In Answer to paragraph 142 a.-l., Defendants deny the allegations contained therein for the reason they are untrue.

## COUNT I
### *Brady* Violations
**Against Wurtz, Miller, and Harvey In Violation of the Fourteenth Amendment, Cognizable Under 42 U.S.C. § 1983**

143. Defendants repeat and reallege Paragraphs 1 through 142 of their Answer as though more fully set forth herein.

144. Defendants admit the allegations contained therein.

145. Defendants state that this paragraph calls for a legal conclusion to which no response is required. To the extent a response is necessary, Defendants deny the allegations contained in this paragraph.

146. In Answer to paragraph 146 a.-l., Defendants deny the allegations contained therein for the reason they are untrue.

147. Defendants deny the allegations contained therein for the reason they are untrue.

148. Defendants deny the allegations contained therein for the reason they are untrue.

149. Defendants deny the allegations contained therein for the reason they are untrue.

150. Defendants deny the allegations contained therein for the reason they are untrue.

151. Defendants deny the allegations contained therein for the reason they are untrue.

152. Defendants deny the allegations contained therein for the reason they are untrue.

153. Defendants deny the allegations contained therein for the reason they are untrue.

WHEREFORE, Defendants respectfully request that this Honorable Court dismiss Plaintiff's Complaint and award Defendants costs, interest and attorneys' fees so wrongfully incurred.

## COUNT II
## Fabrication of Evidence
### Against Wurtz, Miller, and Harvey In Violation of the Fourteenth Amendment, Cognizable Under 42 U.S.C. § 1983

154.   Defendants repeat and reallege Paragraphs 1 through 153 of their Answer as though more fully set forth herein.

155.   Defendants state that this paragraph calls for a legal conclusion to which no response is required. To the extent a response is necessary, Defendants deny the allegations contained in this paragraph.

156.   Defendants state that this paragraph calls for a legal conclusion to which no response is required. To the extent a response is necessary, Defendants deny the allegations contained in this paragraph.

157a-g. Defendants deny the allegations contained therein for the reason they are untrue.

158.   Defendants deny the allegations contained therein for the reason they are untrue.

159.   Defendants deny the allegations contained therein for the reason they are untrue.

160. Defendants deny the allegations contained therein for the reason they are untrue.

161. Defendants deny the allegations contained therein for the reason they are untrue.

162. Defendants state that this paragraph calls for a legal conclusion to which no response is required. To the extent a response is necessary, Defendants deny the allegations contained in this paragraph.

163. Defendants deny the allegations contained therein for the reason they are untrue.

164. Defendants deny the allegations contained therein for the reason they are untrue.

165. Defendants state that this paragraph calls for a legal conclusion to which no response is required. To the extent a response is necessary, Defendants deny the allegations contained in this paragraph.

**COUNT III**
**Conspiracy to Interfere with Civil Rights**
**Against Wurtz, Miller, Harvey, Townsend, McMorris, Turner, and Jeffries,**
**In Violation of the Fourteenth Amendment,**
**Cognizable Under 42 U.S.C. §§ 1983 and 1985**

166. Defendants repeat and reallege Paragraphs 1 through 165 of their Answer as though more fully set forth herein.

167. Defendants state that this paragraph calls for a legal conclusion to which no response is required. To the extent a response is necessary, Defendants deny the allegations contained in this paragraph.

168. Defendants state that this paragraph calls for a legal conclusion to which no response is required. To the extent a response is necessary, Defendants deny the allegations contained in this paragraph.

169. Defendants deny the allegations contained therein for the reason they are untrue.

170. Defendants deny the allegations contained therein for the reason they are untrue.

171. Defendants deny the allegations contained therein for the reason they are untrue.

172. Defendants deny the allegations contained therein for the reason they are untrue.

173. Defendants deny the allegations contained therein for the reason they are untrue.

174. In Answer to paragraph 174 a.-d., Defendants deny the allegations contained therein for the reason they are untrue.

175. Defendants deny the allegations contained therein for the reason they are untrue.

176. Defendants deny the allegations contained therein for the reason they are untrue.

177. Defendants deny the allegations contained therein for the reason they are untrue.

178. Defendants state that this paragraph calls for a legal conclusion to which no response is required. To the extent a response is necessary, Defendants deny the allegations contained in this paragraph.

179. Defendants deny the allegations contained therein for the reason they are untrue.

180. Defendants deny the allegations contained therein for the reason they are untrue.

181. Defendants deny the allegations contained therein for the reason they are untrue.

182. Defendants deny the allegations contained therein for the reason they are untrue.

183. In Answer to paragraph 183 a.-f., Defendants deny the allegations contained therein for the reason they are untrue.

184. Defendants deny the allegations contained therein for the reason they are untrue.

WHEREFORE, Defendants respectfully request that this Honorable Court dismiss Plaintiff's Complaint and award Defendants costs, interest and attorneys' fees so wrongfully incurred.

## COUNT IV
### Wrongful Institution of Legal Process – Malicious Prosecution
**Against Wurtz, Miller, and Harvey In Violation of the Fourth Amendment, Cognizable Under 42 U.S.C. § 1983**

185. Defendants repeat and reallege Paragraphs 1 through 184 of their Answer as though more fully set forth herein.

186. Defendants state that this paragraph calls for a legal conclusion to which no response is required. To the extent a response is necessary, Defendants deny the allegations contained in this paragraph.

187. Defendants state that this paragraph calls for a legal conclusion to which no response is required. To the extent a response is necessary, Defendants deny the allegations contained in this paragraph.

188. Defendants deny the allegations contained therein for the reason they are untrue.

189. In Answer to paragraph 189 a.-f., Defendants deny the allegations contained therein for the reason they are untrue.

190. Defendants deny the allegations contained therein for the reason they are untrue.

191.  Defendants state that this paragraph calls for a legal conclusion to which no response is required. To the extent a response is necessary, Defendants deny the allegations contained in this paragraph.

WHEREFORE, Defendants respectfully request that this Honorable Court dismiss Plaintiff's Complaint and award Defendants costs, interest and attorneys' fees so wrongfully incurred.

### COUNT V
### Continued Detention without Probable Cause
### Against Wurtz, Miller, and Harvey In Violation of the Fourth Amendment, Cognizable Under 42 U.S.C. § 1983

192.  Defendants repeat and reallege Paragraphs 1 through 191 of their Answer as though more fully set forth herein.

193.  Defendants state that this paragraph calls for a legal conclusion to which no response is required. To the extent a response is necessary, Defendants deny the allegations contained in this paragraph.

194.   Defendants state that this paragraph calls for a legal conclusion to which no response is required. To the extent a response is necessary, Defendants deny the allegations contained in this paragraph.

195.  Defendants deny the allegations contained therein for the reason they are untrue.

196.  Defendants deny the allegations contained therein for the reason they are untrue.

197. Defendants deny the allegations contained therein for the reason they are untrue.

198. Defendants deny the allegations contained therein for the reason they are untrue.

199. Defendants deny the allegations contained therein for the reason they are untrue.

200. Defendants deny the allegations contained therein for the reason they are untrue.

201. Defendants deny the allegations contained therein for the reason they are untrue.

202. Defendants deny the allegations contained therein for the reason they are untrue.

203. Defendants state that this paragraph calls for a legal conclusion to which no response is required. To the extent a response is necessary, Defendants deny the allegations contained in this paragraph.

204. Defendants state that this paragraph calls for a legal conclusion to which no response is required. To the extent a response is necessary, Defendants deny the allegations contained in this paragraph.

WHEREFORE, Defendants respectfully request that this Honorable Court dismiss Plaintiff's Complaint and award Defendants costs, interest and attorneys' fees so wrongfully incurred.

### COUNT VI
### Affirmative Policies, Customs, and Practices – *Monell* violation
### Against Oakland County
### In Violation of the Fourth and Fourteenth Amendments,
### Cognizable Under 42 U.S.C. § 1983

205.   Defendants repeat and reallege Paragraphs 1 through 204 of their Answer as though more fully set forth herein. In further answer, Defendant OAKLAND COUNTY answers Count VI and Count VII of Plaintiff's Complaint in its 12(b)(6) Motion to Dismiss.

206.   Defendants deny the allegations contained therein for the reason they are untrue.

207.   Defendants deny the allegations contained therein for the reason they are untrue.

208.   Defendants deny the allegations contained therein for the reason they are untrue.

209.   Defendants deny the allegations contained therein for the reason they are untrue.

210.   Defendants deny the allegations contained therein for the reason they are untrue.

211.   Defendants deny the allegations contained therein for the reason they are

untrue.

WHEREFORE, Defendants respectfully request that this Honorable Court

dismiss Plaintiff's Complaint and award Defendants costs, interest and attorneys'

fees so wrongfully incurred.

### COUNT VII
### Failure to Train - *Monell* violation
### Against Oakland County
### In Violation of the Fourth and Fourteenth Amendments,
### Cognizable Under 42 U.S.C. § 1983

212.   Defendants repeat and reallege Paragraphs 1 through 211 of their Answer as

though more fully set forth herein. In further answer, Defendant OAKLAND

COUNTY answers Count VI and Count VII of Plaintiff's Complaint in its

12(b)(6) Motion to Dismiss.

213.   Defendants deny the allegations contained therein for the reason they are

untrue.

214.   Defendants deny the allegations contained therein for the reason they are

untrue.

215.   Defendants deny the allegations contained therein for the reason they are

untrue.

216.   Defendants deny the allegations contained therein for the reason they are

untrue.

217.   Defendants deny the allegations contained therein for the reason they are untrue.

218.   Defendants deny the allegations contained therein for the reason they are untrue.

219.   Defendants deny the allegations contained therein for the reason they are untrue.

220.   Defendants deny the allegations contained therein for the reason they are untrue.

221.   Defendants deny the allegations contained therein for the reason they are untrue.

222.   Defendants deny the allegations contained therein for the reason they are untrue.

223.   Defendants deny the allegations contained therein for the reason they are untrue.

224.   Defendants deny the allegations contained therein for the reason they are untrue.

WHEREFORE, Defendants respectfully request that this Honorable Court dismiss Plaintiff's Complaint and award Defendants costs, interest and attorneys' fees so wrongfully incurred.

## STATE LAW CLAIMS
## COUNT VIII
## Malicious Prosecution
### (All Plaintiffs)
### Against Wurtz, Miller, Harvey, and Lehtola

225.   Defendants repeat and reallege Paragraphs 1 through 224 of their Answer as though more fully set forth herein.

226.   Defendants state that this paragraph calls for a legal conclusion to which no response is required. To the extent a response is necessary, Defendants deny the allegations contained in this paragraph.

227.   Defendants state that this paragraph calls for a legal conclusion to which no response is required. To the extent a response is necessary, Defendants deny the allegations contained in this paragraph.

228.   Defendants deny the allegations contained therein for the reason they are untrue.

229.   Defendants deny the allegations contained therein for the reason they are untrue.

230.   Defendants deny the allegations contained therein for the reason they are untrue.

231.   Defendants deny the allegations contained therein for the reason they are untrue.

232. Defendants state that this paragraph calls for a legal conclusion to which no response is required. To the extent a response is necessary, Defendants deny the allegations contained in this paragraph.

233. Defendants deny the allegations contained therein for the reason they are untrue.

234. Defendants deny the allegations contained therein for the reason they are untrue.

235. Defendants deny the allegations contained therein for the reason they are untrue.

236a-f. Defendants deny the allegations contained therein for the reason they are untrue.

s/STEVEN M. POTTER (P33344)
POTTER, DeAGOSTINO, O'DEA & CLARK
Attorneys for Defendants Oakland Co.,
Wurtz, Reis and Harvey
2701 Cambridge Court, Suite 223
Auburn Hills, Michigan 48326
(248) 377-1700
Dated: July 18, 2023          spotter@potterlaw.com

## RELIANCE UPON JURY DEMAND

NOW COME Defendants, OAKLAND COUNTY, DAVID WURTZ, DENISE REIS, as personal representative of the ESTATE OF GARY MILLER and WILLIAM

32

HARVEY, by and through their attorneys, POTTER, DeAGOSTINO, O'DEA & CLARK, and hereby rely upon the Demand for Jury filed by Plaintiff in the above-entitled cause.

<div style="margin-left: 40%;">

s/STEVEN M. POTTER (P33344)
POTTER, DeAGOSTINO, O'DEA & CLARK
Attorneys for Defendants Oakland Co.,
Wurtz, Reis and Harvey
2701 Cambridge Court, Suite 223
Auburn Hills, Michigan 48326
(248) 377-1700
spotter@potterlaw.com

</div>

Dated: July 18, 2023

## **AFFIRMATIVE DEFENSES**

NOW COME Defendants, OAKLAND COUNTY, DAVID WURTZ, DENISE REIS, as personal representative of the ESTATE OF GARY MILLER and WILLIAM HARVEY, by and through their attorneys, POTTER, DeAGOSTINO, O'DEA & CLARK, and hereby submit the following as their affirmative defenses:

1. That Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

2. That Plaintiff's Complaint is barred by the doctrine of governmental immunity.

3. That Defendants assert the defense of qualified immunity based upon good faith efforts in carrying out their duties.

4.      That Defendants' conduct was at all times undertaken in good faith.

5.      That Defendants' conduct was at all times reasonable under the circumstances presented.

6.      That the doctrine of absolute immunity bars Plaintiff's claims as to these Defendants.

7.      That to the extent Plaintiff's federal claims allege vicarious liability, they are barred.

8.      That to the extent Plaintiff's federal claims allege *respondeat superior*, they are barred.

9.      That Plaintiff's Complaint is barred for the reason that Plaintiff has failed to allege the deprivation of a specific constitutional right.

10.     That Plaintiff's Complaint is barred because of release, prior judgment, statute of limitations, statute of frauds, and/or assignment or other disposition of the claim before the commencement of the action.

11.     Plaintiff has failed to mitigate his damages.

12.     That Plaintiff's Complaint is barred by the doctrines of res judicata and/or collateral estoppel.

13.    That non-parties to this action, as set forth pursuant to the

identification of any non-parties at fault (which is incorporated by

reference and made a part hereto), was a and/or the proximate cause of

Plaintiff's claimed damages.

14.    That Defendants reserve the right to amend these affirmative defenses

in accordance with federal procedural law.

s/STEVEN M. POTTER (P33344)
POTTER, DeAGOSTINO, O'DEA & CLARK
Attorneys for Defendants Oakland Co.,
Wurtz, Reis and Harvey
2701 Cambridge Court, Suite 223
Auburn Hills, Michigan 48326
(248) 377-1700
Dated: July 18, 2023          spotter@potterlaw.com

### CERTIFICATE OF SERVICE

I hereby certify that on July 18,2023, I electronically filed the foregoing paper with the Clerk of
the Court using the ECF system which will send notification of such filing to all participating
attorneys.

/s/STEVEN M. POTTER (P33344)
Attorney for Defs OC, Wurtz, Reis and Harvey
2701 Cambridge Court, Suite 223
Auburn Hills, Michigan 48326
(248) 377-1700
spotter@potterlaw.com