UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JUWAN DEERING**;
**KEYANA COX**; and,
**DEJA DEERING-POOLE**,

    Plaintiffs,

v.

~~**OAKLAND COUNTY**, a political subdivision of the State of Michigan~~;
**DAVID WURTZ**; **DENISE REIS**, as personal representative of the **ESTATE OF GARY MILLER**; **WILLIAM HARVEY**; **GREGORY TOWNSEND**; **RALPH MCMORRIS**; **RAYMOND JEFFRIES**; and, **JAMES LEHTOLA**, Jointly and Severally,

    Defendants.

Case No. 2:22-cv-11809-MAG-CI
Hon. Mark A. Goldsmith

_____/

## JOINT RULE 26(f) DISCOVERY PLAN

A Rule 16(b) status and scheduling conference is set for Thursday, September 14, 2023 at 4:00 p.m. before the Honorable Mark A. Goldsmith. On Wednesday, September 13, 2023 at 10:00 a.m., the undersigned conducted a telephone conference to prepare this Joint Proposed Rule 26(f) Discovery Plan. The parties make the following statements and recommendations.

## I.   SUMMARY OF THE CASE

Plaintiffs' Statement

This case arises from Plaintiff Juwan Deering's arrest and conviction for allegedly starting a house fire that resulted in the death of five children. He was convicted of five counts of arson and felony murder and sentenced to life without parole.

Deering appealed and challenged his convictions, assisted by the Michigan Innocence Clinic. During the investigation into Deering's convictions, the Oakland County Prosecutor's Office located and turned over documents related to the credibility of the jailhouse informants and exculpatory evidence that had not been disclosed to the defense in Deering's criminal trial. On September 2, 2021, Deering and the Oakland County Prosecutor jointly moved to vacate his convictions and sentences. Shortly thereafter, Deering was released from custody after serving over fifteen years. This cause of action asserts that the above-named Defendants fabricated or withheld evidence and violated Deering's constitutional rights.

Defendants Wurtz, Harvey, Miller (Reis) and Lehtola

Defendants Wurtz, Harvey and Lehtola ("Defendants"), first contend that there was probable cause to arrest Plaintiff as a result of the criminal investigation completed by Defendants.  Following the issuance of charges, Defendants contend that Plaintiff was properly convicted of five counts of arson and felony murder

arising out of a house fire that resulted in the death of five children. Defendants deny that any Brady violations were committed including with respect to documents relating to the credibility of jailhouse informants. In fact, nearly all of the current claims asserted by Plaintiff were addressed, exhausted and denied by the Michigan Court of Appeals and this Court in Plaintiff's habeas petition. Without any "new" material evidence, Plaintiff's criminal charges were inexplicably vacated and Plaintiff was released from prison. As such, Defendants contend that Plaintiff has not sustained damages.

Defendant Townsend

Plaintiff Juwan Deering alleges that Defendant Former Oakland County Assistant Prosecutor Gregory Townsend participated in the criminal investigation that ultimately resulted in five counts of arson and murder convictions against him. Specifically, Plaintiff Deering claims that Defendant Townsend placed three jailhouse informants in Plaintiff Deering's cell to secure fabricated admissions from Deering. However, evidence will show that Defendant Townsend was not assigned to Plaintiff Deering's case until YEARS after the informants secured admissions from Plaintiff Deering.

Plaintiff Deering also alleges that Defendant Townsend knowingly and materially misled jurors during the arson/murder trial concerning the informants and fabricated evidence. Defendant Townsend denies the allegations as untrue and states

3

that evidence shows he made no material misrepresentations at trial and any of his actions at the time of the trial are covered under absolute prosecutorial immunity.

## II.   SUBJECT MATTER JURISDICTION

Jurisdiction is based on 28 U.S.C. § 1331 as the claims arise under 42 U.S.C. § 1983.

## III.   RELATED CASES

None.

## IV.   AMENDMENT OF PLEADINGS

The parties do not anticipate the need to amend their pleadings.

## V.   ANTICIPATED DISCOVERY DISPUTES AND DISCOVERY PROGRESS

Defendants Townsend, Wurtz, Lehtola, Harvey and Miller anticipate discovery disputes concerning subpoenas for depositions and records from the Oakland County Prosecutor's Office. Specifically, we anticipate issues with securing certain records from the conviction integrity unit's file, along with the deposition of Oakland County Prosecutor Karen McDonald. The parties agree to the Rule 33 limit on interrogatories to 25, including discrete subparts. Defendants Townsend, Wurtz, Lehtola, Harvey and Miller anticipate the need for additional depositions exceeding those imposed by Rule 30, specifically, they are requesting 20 depositions for Townsend's defense, and 20 depositions for the defense of Wurtz,

Harvey, Lehtola and Miller. The parties do not waive the right to request an appropriate protective order should one become needed.

The parties further agree that electronic files may be exchanged via e-mail, disk, portable hard drive, or web-based electronic sharing services, such as Dropbox, depending on the file sizes; counsel will confer as needed. No other electronic format is anticipated at this time.  If other electronic information becomes available, counsel for the parties will cooperate to provide for its disclosure, including consulting the Model Order Relating to the Discovery of Electronically Stored Information.

The parties further agree that all records produced at the time of the Initial Disclosures by Defendants Townsend, Wurtz, Lehtola, Harvey and Miller will be done so by counsel for Defendants Wurtz, Lehtola, Harvey and Miller only, not by Defendant Townsend's counsel, as the disclosures will merely be duplicative in nature.

## VI.   FACILITATION/ARBITRATION/CASE EVALUATION

Case evaluation would not be productive.  Defense counsel are not willing to enter into facilitation or arbitration at this time.

## VII.   ANTICIPATED MOTION PRACTICE

Plaintiffs may move for summary judgment upon the close of discovery. The Defendants Townsend, Wurtz, Lehtola, Harvey and Miller will move for summary judgment at the close of discovery and will assert absolute and/or qualified

immunity.

## VIII. SETTLEMENT

The parties have not discussed settlement.

## IX. PROPOSED DEADLINES

| EVENT | DEADLINE |
|---|---|
| Initial Disclosures under Fed. R. Civ. P. 26(a)(1) | October 12, 2023 |
| Lay Witness List | February 2, 2024 |
| Exhibit List | February 2, 2024 |
| Plaintiff's Expert Witness List and Disclosure under Fed. R. Civ. P. 26(a)(2) | 30 days after fact discovery |
| Defendant's Expert Witness List and Disclosure under Fed. R. Civ. P. 26(a)(2) | 60 days after fact discovery |
| Discovery Cutoff – Fact | August 30, 2024 – Defense is requesting until March 1, 2025 to conclude fact discovery |
| Discovery Cutoff – Experts | September 30, 2024 – Defense is requesting until April 1, 2025 to conclude expert discovery |
| Early Settlement Conference (before magistrate judge) | To be set by the Court |
| Dispositive Motions & Motions to Limit/Exclude Expert Testimony | To be set by the Court |
| All Other Motions, Including Motions in Limine | To be set by the Court |
| Settlement Conference (before district judge) | To be set by the Court |
| Joint Final Pretrial Order | To be set by the Court |
| Final Pretrial Conference | To be set by the Court |

| Trial | To be set by the Court |
|---|---|

Respectfully submitted,

**GARRISON LAW, PC**

Dated: September 13, 2023      */s/ Trevor B. Garrison*
TREVOR B. GARRISON (P69255)
Attorney for Plaintiffs Deering and Cox
1523 N. Main St.
Royal Oak, MI 48067
(248) 847-1000
tgarrison@garrison-law.com

**LAW OFFICES OF
MICHAEL R. DEZSI, PLLC,**

Dated: September 13, 2023      */s/ Michael R. Dezsi*
MICHAEL R. DEZSI (P64530)
Attorney for Plaintiffs Deering and Cox
1523 N. Main St.
Royal Oak, MI 48067
(313) 757-8112
mdezsi@dezsilaw.com

**MUELLER LAW FIRM,**

Dated: September 13, 2023      */s/ Wolfgang Mueller*
WOLFGANG MUELLER (P43728)
JOHN W. MARTIN, JR. (P42266)
Attorneys for Plaintiff Deering-Poole
41850 W. 11 Mile Rd., Ste 101
Novi, MI 48375-1820

7

(248) 489-9653
wolf@wolfmuellerlaw.com
john@wolfmuellerlaw.com


**POTTER, DEAGOSTINO, O'DEA & CLARK,**


Dated: September 13, 2023          /s/ Robert Clark
                                   STEVEN M. POTTER (P33344)
                                   ROBERT C. CLARK (P76359)
                                   TREVOR S. POTTER (P84253)
                                   LAYLA R. SIZEMORE (P85502)
                                   Attorneys for Defendants Oakland County,
                                   Wurtz, Reis, Harvey, and Lehtola
                                   2701 Cambridge Court, Suite 223
                                   Auburn Hills, Michigan 48326
                                   (248) 377-1700 / Fax (248) 377-0051
                                   spotter@potterlaw.com
                                   rclark@potterlaw.com
                                   tpotter@potterlaw.com
                                   lsizemore@potterlaw.com


**SCHENK & BRUETSCH, PLC,**


Dated: September 13, 2023          /s/ Lindsey R. Johnson
                                   DAVID W. JONES (P57103)
                                   LINDSEY R. JOHNSON (P67081)
                                   Attorneys for Defendant Townsend
                                   211 West Fort, Suite 1410
                                   Detroit, MI 48226
                                   (313) 774-1000 / Fax 313-774-1717
                                   David.Jones@sbdetroit.com
                                   Lindsey.Johnson@sbdetroit.com

## <u>CERTIFICATE OF COMPLIANCE</u>

I, Trevor Garrison, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

Respectfully submitted,

**GARRISON LAW, PC**

Dated: September 13, 2023

/s/ *Trevor B. Garrison*
TREVOR B. GARRISON (P69255)
Attorney for Plaintiffs Deering and Cox
1523 N. Main St.
Royal Oak, MI 48067
(248) 847-1000
tgarrison@garrison-law.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the date set forth below, I caused the foregoing Joint Rule 26(f) Discovery Plan and this Certificate of Service to be electronically filed with the Clerk of the Court using the Case Management/Electronic Case Filing (CM/ECF) system which will forward notification of this filing electronically to the following attorneys of record:

Steven M. Potter, Esq. (spotter@potterlaw.com);
Robert C. Clark, Esq. (rclark@potterlaw.com);
Trevor S. Potter, Esq. (tpotter@potterlaw.com);
Layla R. Sizemore, Esq. (lsizemore@potterlaw.com);
David W. Jones, Esq. (david.jones@sbdetroit.com);
Lindsey R. Johnson, Esq. (lindsey.johnson@sbdetroit.com);
Charles A. Hayden, IV, Esq. (charles.hayden@sbdetroit.com);
Wolfgang Mueller, Esq. (wolf@wolfmuellerlaw.com); and,
John W. Martin, Jr., Esq. (john@wolfmuellerlaw.com).

Respectfully submitted,

**GARRISON LAW, PC**

Dated: September 13, 2023          /s/ *Trevor B. Garrison*
                                   TREVOR B. GARRISON (P69255)
                                   Attorney for Plaintiffs Deering and Cox
                                   1523 N. Main St.
                                   Royal Oak, MI 48067
                                   (248) 847-1000
                                   tgarrison@garrison-law.com