UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUWAN DEERING et al.,

        Plaintiffs,                        Case No. 22-cv-11809

v.                                                HON. MARK A. GOLDSMITH

OAKLAND COUNTY et al.,

        Defendants.

_____/

## **ORDER GRANTING IN PART MOTION TO COMPEL DISCOVERY (Dkt. 123)**

Defendant Gregory Townsend filed a motion for in camera review and to compel production of documents on June 24, 2024 (Dkt. 109) against nonparty Oakland County Prosecutor's Office (OCPO). After briefing and a hearing, the Court issued an order granting the motion in part and directing OCPO to submit the disputed documents to the Court for an in-camera review. See 7/26/24 Order (Dkt. 122).

Townsend filed a second motion to compel on July 30, 2024 (Dkt. 123). This second motion seeks the production of certain documents containing statements and communications regarding the media, as well as a few other miscellaneous documents, all withheld by OCPO pursuant to both the deliberative process privilege and the attorney opinion work product protection. See Reply in Supp. Second Mot. to Compel at 6–7; Response to Second Mot. to Compel at 15–21.[1] Alternatively, the parties seek in-camera review of the disputed documents. Reply in Supp. Second Mot. to Compel at 7.

---

[1] The initial motion also sought communications between OCPO and the Attorney General's office. See Mot. at 14–15. OCPO produced those documents on August 12, 2024, after the initial motion was filed but before the reply brief was filed. See Reply at 1.

The deliberative process privilege protects from discovery "intra-governmental documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." Liuzzo v. United States, 508 F. Supp. 923, 937 (E.D. Mich. 1981) (punctuation modified).  While the privilege applies to "opinions," it does not extend to "objective facts" upon which an agency's decisions are based. Kaiser v. Aluminum & Chem. Corp. v. United States, 157 F. Supp. 939, 946 (Ct. Cl. 1958).

A similar dichotomy is found under the work product doctrine: fact work product and opinion work product.  "Fact work product consists of the information received by an attorney, while opinion work product consists of the mental impressions, judgements, conclusions, and legal analyses of the attorney." Arch Ins. Co. v. Com. Steel Treating Corp., No. 11-15535, 2012 WL 12930397, at *1 (E.D. Mich. Sept. 11, 2012) (punctuation modified).  While opinion work product is strongly protected, fact word product protection "gives way to a showing of substantial need by the requesting party." Axis Ins. Co. v. Innovation Ventures, LLC, No. 08-15298, 2010 WL 11541982, at *5 (E.D. Mich. Feb. 8, 2010).

In its July 26, 2024 order, the Court found that Townsend had made a sufficient showing of substantial need for fact work product to be produced in this case, particularly because two of the informants who are central to the allegations against Townsend in this lawsuit are now deceased.  7/26/24 Order at 3.  The Court has since done an initial review of the documents provided by OCPO for in-camera inspection.  The Court now finds that substantial need is only satisfied by documents that include information reflecting statements the now-deceased informants made to members of OCPO's Criminal Integrity Unit or members of the original prosecution team.  This applies equally to the documents requested in both motions to compel.

In harmony with that finding, the Court grants in part Townsend's second motion to compel (Dkt. 123).  It now directs OCPO to submit for in-camera review any documents that were the subject of either the first or second motion to compel and that reflect any statements made by the decedents to members of the Conviction Integrity Unit or other members of the prosecution team.  OCPO may also submit an accompanying memorandum explaining why any such documents should not be turned over.  The submissions must be made on or before September 11, 2024.  The Court finds all other documents to be appropriately withheld.

SO ORDERED.

Dated:  September 5, 2024                                  s/Mark A. Goldsmith
       Detroit, Michigan                                      MARK A. GOLDSMITH
                                                                         United States District Judge